IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re:  Roger J. Meadows, Jr. | * | Case No. 07-17579 |
| Debtor | * | Chapter 7 |
| * * * * * * * | | |
| Roger J. Meadows, Jr. | | |
| | * | |
| Plaintiff | * | Adversary No.: |
| vs. | * | |
| North American Bancard | * | |
| | * | |
| Defendant | | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

     COMES NOW, Debtor herein, by counsel, Andrew G. Wilson, II, who hereby complains as follows:

### INTRODUCTION

     1.    This is an action for actual and punitive damages filed by the debtor pursuant to Section 362 of the Bankruptcy Code.

     2.    This action is also filed to enforce the Automatic Stay duly entered in this Chapter 7 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

### Jurisdiction and Venue

     3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157(c)(3) and 11 U.S.C. 105(a).

     4.    This matter is primarily a core proceeding and, therefore, the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

     5.       Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

     6.       The Plaintiff in this case is a debtor under Chapter 7 in case No. 07-17579, which case is currently pending before this Court. The case was filed on August 13, 2007.

     7.       The Defendant, North American Bancard (hereinafter "NAB") is a corporation organized and existing under the laws of the State of Michigan with its principal place of business located at 969 Chicago Road, Troy, MI 48083.

### Facts

     8.       The Chapter 7 case of the Plaintiff was commenced by the filing of a Voluntary Petition with the clerk of this Court on August 13, 2007.

     9.       NAB was listed as a creditor on debtor's Schedule F and the master mailing matrix. The account number is 8788290055753.

     11.     NAB received notice of the bankruptcy filing, of the automatic stay, and of the 341 meeting of creditors from the Clerk of the Court as evidenced by the Certificate of Service filed by the court on August 16, 2007. A copy of said notice is attached hereto as Exhibit 1.

     12.     NAB received notice legal representation by this firm by letter mailed on August 21, 2007. A copy of said letter is attached hereto as Exhibit 2. The letter specifically states "…. pursuant to Section 1692(b)(6) of Title 15 of the United States Code and Section 14-201 et seq. of the Maryland General Statutes, you are to immediately terminate any further direct or indirect contacts with our client."

     13.     NAB again received notice of bankruptcy filing by this firm by letter faxed on October 10, 2007. The letter includes the bankruptcy case number and date filed. It reiterates the quotation cited in number 12 above. A copy of said letter is attached hereto as Exhibit 3.

     14.     On or about December 26, 2007 Plaintiff received a demand letter from NAB in the amount of $945.11. The account number cited was 8788290055753, the same account number listed in the bankruptcy. A copy of said bill is attached hereto as Exhibit 4.

     15.     Plaintiff alleges that even a cursory review of his account by Defendant would have revealed that the client had filed bankruptcy and that NAB was listed on Schedule F and the mailing matrix.

16. The conduct of the Defendant in this case has substantially frustrated the Debtor and caused the Debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

17. The Plaintiff has suffered anxiety and emotional distress as a result of the filing of this lawsuit by the Defendant.

18. Debtor has had to incur attorney fees for the prosecution of this Motion due to the wrongful action of Defendant.

### First Claim for Relief
### (Violation of the Automatic Stay)

19. The allegations in paragraphs 1 through 18 of this complaint are realleged and incorporated herein by this reference.

20. The actions of NAB in sending a demand letter to Plaintiff constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

21. As a result of the above violation of 11 U.S.C. Section 362, the Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees.

**WHEREFORE, debtor prays for the following**:

A. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages.

B. That the Plaintiff has and recovers against the Defendant a sum to be determined by the Court in the form of punitive damages;

C. That the Plaintiff has and recovers against the Defendant all reasonable legal fees and expenses incurred by his attorney.

Respectfully submitted,

/s/ Andrew G. Wilson, II
Andrew G. Wilson, II
275 West Street, #216
Annapolis, Maryland 21401
Attorney for Debtor
410-626-6111
Andywilsonlaw@aol.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I caused a copy of the above Complaint to be sent on this date, by first class U.S. mail, postage prepaid, to the following parties:

Marc Gardner, President
North American Bancard
969 Chicago Road
Troy, MI  48083

Dated: January 10, 2008        /s/ Andrew G. Wilson, II
                                                        Andrew G. Wilson, II
                                                        Andrew G. Wilson, II, #22259
                                                        275 West Street, #216
                                                        Annapolis, MD 21401
                                                        410/626-6111
                                                        Attorney for Debtor
                                                        Andywilsonlaw@aol.com